EDWIN M. CHAFFEE & others *vs.* WALTER TAYLOR.

Possession of a note by one who calls himself by the name of the payee, is, in the absence of any suspicious circumstances, *prima facie* evidence of ownership; and his indorsement passes a title to it.

In an action by the indorsee against the maker of a promissory note, the handwriting of the indorser may be proved by the opinion of one who has written letters to him and received replies, on which both acted.

CONTRACT upon a promissory note for $1200, given by the defendant for money lost in gaming, dated April 1, 1853, and payable to Thomas Bamford or order in six months from date.

At the trial in the superior court, before *Putnam, J.,* the plaintiffs, in order to prove that the payee indorsed and delivered the note to them, testified that a man calling himself Thomas Bamford called at their place of business in Providence to purchase rubber goods, in which they were dealers, and bargained for goods to the amount of about $4000, agreeing to pay for them in certain notes, with about $400 in cash, and mentioning a note similar to the one in suit as one which he would send to them ; that he said he lived in London, and should go to New York and there receive the goods and ship them to England ; that the goods were sent to New York at different times, in accordance with his directions, and letters were directed to him at New York in reference to them, answers to which were received, and notes against various parties were received from him, all of which were duly paid except the note in suit, which came into their possession with the name of Thomas Bamford upon it about the 21st of June 1853, and was received by them in good faith, in the usual course of business.

There was no other evidence to identify Bamford, or to show his place of residence.

One, of the plaintiffs was allowed, under objection, to testify that, from his knowledge of the handwriting of Bamford in the letters above referred to, he believed the indorsement upon the note to be Bamford's genuine signature ; the judge ruling that the evidence was competent " if the witness had acted upon the faith that the signatures to the letters were genuine, and

Bamford had acquiesced therein by replying to letters addressed to him on the faith of such signatures being genuine, provided the jury were satisfied of the identity of the person."

The defendant objected that there was no competent or sufficient evidence to prove the indorsement and delivery of the note by the payee to the plaintiffs; but, under instructions of the court authorizing them to do so, the jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*N. St. J. Green,* for the defendant.

*G. A. Somerby & J. F. McEvoy,* for the plaintiffs.

BIGELOW, C. J. The signature of the defendant to the note declared on seems to have been proved at the trial and found by the jury to be genuine, on evidence to which no objection was taken. Nor does it appear by the exceptions that any question was raised concerning the admissibility of any evidence offered by the plaintiffs to maintain their action, except on the issue whether they showed a valid title to the note as indorsees. The real contention between the parties seems to have been, whether the plaintiffs offered sufficient evidence to warrant the jury in finding that the note had been duly indorsed to them by the payee. The defence on this point rested on two grounds. The first was, that it did not appear that the person from whom the plaintiffs received the note, and who wrote his name on the back of it was the identical person to whom the note was originally given by the defendant, and whose name was inserted thereon as the payee. The evidence on which the plaintiffs rely to prove this part of their case is, that the person who delivered the note to the plaintiffs called himself by the name of the payee, described the note in suit with accuracy, claimed to be the owner of the note, agreed with the plaintiffs to negotiate it to them together with other notes in payment for merchandise purchased in the regular course of trade, and that they received the note from him either by mail or otherwise, in pursuance of the contract into which they had entered. Now it is true that there is no direct and positive evidence of the identity of the payee with the person who made the bargain with the plaintiffs. Nor is it necessary that there should be. If such evidence were requisite, it would

operate as a great check on the free negotiation of mercantile paper. In the absence of controlling evidence, or of facts which tend to throw suspicion on the title of a note or bill of exchange in the hands of indorsees, it is sufficient that it appears that it was received from a person purporting to bear the same name with the payee. The fact that he is in possession of a paper which was likely to be in the hands of the owner raises a presumption that it belongs to him, and that he is the identical person to whom it was given. No doubt a bill or note may often be in the hands of another person than the owner ; but, in the absence of all evidence that it has passed out of the hands of the payee, possession of the document by a person calling himself by the name of the payee is evidence of ownership, and that he is the identical person to whom it was given. In the case at bar, there were two facts in evidence which were sufficient to warrant the jury in finding that the person who indorsed the note to the plaintiffs was the payee. He called himself by the same name. The effect of this fact would have been weakened if it had appeared that the name was a common one. In the words of a learned judge, " That it is a person of the same name is some evidence, till another party is pointed out who might have been the payee." The other fact is, that the plaintiffs received it from this person. He had possession of the note. In the absence of any proof of title in another, this was *prima facie* evidence of ownership, and of a right to pass it to the plaintiffs as indorsees. *Bulkeley* v. *Butler*, 2 B. & C. 434. *Sewell* v. *Evans*, 4 Q. B. 626. *Greenshields* v. *Crawford*, 9 M. & W. 314. These two leading facts are strengthened by the circumstances attending the negotiation of the note to the plaintiffs, and which tend to show that the transaction with them by the person purporting to be the payee was not an extraordinary or unusual one ; that it was not entered into with a design merely to get rid of the note in suit ; that it was conducted in a manner which did not indicate that the person was dealing under an assumed or fictitious name, and that it was carried on in all respects as in the regular course of trade and without anything to excite suspicion or distrust.

It was suggested by the counsel for the defendant that there was no evidence that the person with whom the plaintiffs dealt at Providence ever had possession of the note or delivered it to the plaintiffs. This position is not supported by the facts in proof. He did not, it is true, produce the note there or deliver it to them in person. But they did receive it from him in pursuance of a previous bargain, by which he agreed to indorse it to them. The mode in which it was transmitted to them is wholly immaterial. The important fact about which there is no dispute is, that they received it from him. This shows that it was in his possession and control, and is sufficient *prima facie* evidence of title.

The only other question raised by the exceptions is, whether the evidence of the handwriting of the payee was sufficient to show that the indorsement was made by him. We cannot doubt that it was. The signature on the back of the note was shown to be in the handwriting of the person from whom the plaintiffs received it, by competent evidence. The same man who held the note as payee, and whose possession of it proved that he was the owner, wrote letters and received replies on which both he and the plaintiffs acted. This rendered the persons to whom these letters were addressed competent witnesses to testify concerning his handwriting. If the payee of the note was a party to a suit, such evidence would be clearly competent proof of his handwriting. It is none the less so when the controversy concerning the genuineness of his signature arises between third parties. 1 Greenl. Ev. § 577, and cases cited.

*Exceptions overruled.*